449 So.2d 1189 (1984)
STATE of Louisiana, Appellee,
v.
Albert Troy SEYMOUR, Appellant.
No. 16196-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
Writ Denied June 8, 1984.
*1190 Samuel Thomas, Tallulah, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Tallulah, for appellee.
Before MARVIN and NORRIS, JJ., and McCLENDON, J. Pro Tem.
NORRIS, Judge.
After a bench trial, Albert Troy Seymour appeals a conviction of second degree murder in violation of La.R.S. 14:30.1 assigning two errors:
(1) ... that the trial court committed error when Judge Adams found the defendant guilty of second degree murder when he pled not guilty and not guilty by reason of insanity; [and]
(2) ... that the trial court committed error when Judge Adams allowed inculpatory statements where the defendant did not receive a[n] [La.C.Cr.P. Art.] 768 notice.

FACTS
About 1:30 p.m. on September 15, 1982, defendant went to the home of his brother-in-law where his estranged wife, Freda Seymour, resided, to visit with his two minor children. When defendant arrived, Mrs. Seymour's brother left to go to town. Thereafter, Annette Fondren, Mrs. Seymour's oldest child [who was not a child of the marriage between defendant and Mrs. Seymour] went into the trailer to make sandwiches. While she was in the trailer, she heard several shots. From the window, she observed defendant leaving with her two younger brothers. After seeing that her mother had been injured, Annette called the daughter of the owner of the farm on which the trailer was located who in turn contacted the authorities. Upon arriving on the scene, officers found the body of Mrs. Seymour on the steps outside the trailer with four bullet wounds on the left side of her head.
After leaving the scene, the defendant took his two children to the home of his parents where his brother and sister-in-law were visiting. He related to them that he had shot his wife and asked that they drive him to the police station where he was arrested and charged with second degree murder.
On September 22, 1982, after appearing before the grand jury, the defendant was indicted for second degree murder. After his grand jury appearance, the defendant in the presence of retained counsel gave a statement in which he stated that he had been having difficulties with his wife over visiting with his children and that because he could take the situation no longer he had shot her. However, he also stated that he had no conscious recollection of the actual shooting itself but assumed that he must have shot her because he was the only person there.
On October 5, 1982, the defense moved for the appointment of a sanity commission to determine the capacity of the defendant to stand trial. The commission's opinion was that because of the defendant's severe depression he lacked the capacity to understand *1191 the proceedings and to assist in his defense. The trial court ordered that the defendant be temporarily committed to the Feliciana Forensic Facility for evaluation, treatment and management. After the completion of this evaluation, the defendant was to be returned for a further determination of the defendant's mental capacity to proceed.
The defendant remained committed under this order for ten months during which it was concluded that the defendant was suffering from recurrent depression which had gone into remission thereby making him competent to stand trial. It was the opinion of his treating physician and psychologist that the defendant was in fact malingering and aware of the criminal charges pending against him. It was their further opinion that the defendant's claim of amnesia could not be determined accurately because of their opinion that the defendant could be dishonestly withholding information as to his actual recall of the events. Thus, it was recommended that the defendant be returned for trial.
The previously appointed members of the sanity commission again examined the defendant and opined that the defendant was capable of assisting in the preparation of his defense, understood the nature of the charges and the proceedings and was competent to stand trial. The trial court so found. At arraignment, the defendant pled not guilty and not guilty by reason of insanity and waived his right to a jury trial. Defendant was tried, convicted and sentenced to the compulsory sentence of life imprisonment without benefit of parole, probation or suspension of sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the evidence adduced at trial clearly established that the defendant was insane at the time of the commission of the offense. We disagree and find in fact that the evidence preponderated that the defendant was legally competent at the time of the commission of the offense.
In Louisiana, an adult defendant is presumed to be sane and responsible for his actions. La.R.S. 15:432; State v. David, 425 So.2d 1241 (La.1983). However, a defendant may rebut this presumption by showing by a preponderance of the evidence that he suffers from a mental disease or defect which renders him incapable of distinguishing right from wrong with reference to his conduct in question. State v. David, supra; State v. Roy, 395 So.2d 664 (La.1981); La.C.Cr.P. Art. 652; La.R.S. 14:14. Our relevant inquiry on appeal is whether the defendant adduced evidence of his insanity at the time of the offense such that any rational trier of fact could have concluded that he carried the burden of proving his insanity by a preponderance of the evidence. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Roy, supra. Accordingly, the trial court's finding that the defendant was sane can only be reversed if it is found that "under the facts and circumstances of the case, that a rational fact finder, viewing the evidence in the light most favorable to the prosecution, could not have concluded that the defendant had failed to prove by a preponderance of the evidence that he was insane at the time of the offense." State v. Roy, supra; State v. David, supra.
Two physicians and one psychologist testified on behalf of the defense at trial. It was the opinion of each of these witnesses that the defendant knew right from wrong at the time of the offense. There was no evidence that the defendant was psychotic at any point but all of the findings indicated that he was chronically depressed. Given these circumstances, the trial judge was correct in rejecting the not guilty and not guilty by reason of insanity verdict because the defendant failed to prove his insanity by the required preponderance of the evidence. State v. David, supra; State v. Roy, supra.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next argues that the trial court erred in allowing into evidence an *1192 oral statement made by defendant to Mrs. Elizabeth Seymour without the required notice under La.C.Cr.P. Art. 768. The statement complained of is as follows: "He [defendant] asked that the Bedgoods not have his kids." This statement was made at the time that the defendant admitted to shooting his wife and asked that Mrs. Seymour and her husband take him to the police station.
La.C.Cr.P. Art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. It if fails to do so a confession or inculpatory statement shall not be admissible in evidence.
Defendant's argument incorrectly assumes that this statement in and of itself is inculpatory. All statements which may be damaging in nature at trial are not inculpatory. State v. Bodley, 394 So.2d 584 (La.1981). As contemplated by Article 768, an "inculpatory statement" refers to an out of court admission of incriminating facts made by the defendant after the crime has been admitted. An incriminating statement is one which admits a fact tending to establish guilt, or from which guilt may be inferred. State v. Bodley, supra. Applying these definitions to the statement complained of, it is clear that the statement is not inculpatory. It does not establish any element of the crime of murder and was not in and of itself damaging to the defense. At best, it was a statement which would come under the purview of La.C. Cr.P. Art. 716 rather than Article 768. Because no motion for discovery was filed on behalf of the defendant, he was not entitled to any notice.
This assignment of error is without merit.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.